**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEAN PHILIP HARRIS,

Plaintiff - Appellant,

v.

ESTATE OF DR. IAN ROBERT
DUNCAN,

Defendant - Appellee.

No. 09-35430

D.C. No. 3:07-cv-00806-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Oregon state prisoner Dean Philip Harris appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we may affirm on any ground supported by the record, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment because Harris failed to raise a genuine issue of material fact as to whether defendant was deliberately indifferent to his lower back pain. *See Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion in denying Harris's motion for appointment of counsel because he failed to establish exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

Harris's remaining contentions are unpersuasive.

We do not consider Harris's arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**